125 N.J. Super. 263 (1973)
310 A.2d 497
DONNA BOILEAU, DONNA BOILEAU AS ADMINISTRATRIX OF THE ESTATE OF MAURICE BOILEAU, AND DONNA BOILEAU AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MAURICE BOILEAU, PLAINTIFF-APPELLANT,
v.
LOUIS DE CECCO AND MARION DE CECCO, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 25, 1973.
Decided October 16, 1973.
*264 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Messrs. Moss, Thatcher & Moss, attorneys for appellant (Mr. Leonard W. Moss, of counsel and on the brief).
Messrs. Kisselman, Deighan, Montano & Summers, attorneys for respondents (Mr. Arthur Montano, of counsel; Mr. Gary L. Jakob, on the brief).
The opinion of the court was delivered by BISCHOFF, J.S.C., Temporarily Assigned.
Plaintiff, as administratix ad prosequendum of the estate of her deceased *265 husband, appeals from a summary judgment dismissing a wrongful death action brought by her.
Plaintiff's decedent and defendant Louis DeCecco on September 5, 1970 went to a football game with other men. DeCecco lived in a residential area in Blackwood and had a swimming pool in his backyard. It was a hot day, and defendant later invited his companions to take a swim in his pool. Plaintiff's decedent apparently dove into the shallow end of the pool, fractured his neck and eventually died of the injuries sustained. This action followed, charging defendant with various acts of negligence growing out of the construction and maintenance of the pool.
Defendant, in addition to other defenses, pleaded immunity under N.J.S.A. 2A:42A-3. A motion for summary judgment on that basis was granted, and it is from that judgment that this appeal is prosecuted.
The narrow issue presented is whether the statute gives immunity to the owner, lessee or occupant of property in a residential area for injuries or death growing out of the use of a swimming pool located thereon.
The statute in question, N.J.S.A. 2A:42A-3, reads as follows:
Except as provided in section 3 of this act:
a. An owner, lessee or occupant of premises, whether or not posted as provided in section 23:7-7 of the Revised Statutes, owes no duty to keep the premises safe for entry or use by others for sport and recreational activities, or to give warning of any hazardous condition of the land or in connection with the use of any structure or by reason of any activity on such premises to persons entering for such purposes;
b. An owner, lessee or occupant of premises who gives permission to another to enter upon such premises for a sport or recreational activity or purpose does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted.
*266 Plaintiff argues the statute was not intended to apply to lands in a residential area, but that the immunity granted thereby is restricted to the rural setting.
Defendant, on the other hand, contends that the plain, unrestricted use of the word "swimming" in the definition of "sport and recreational" activities (N.J.S.A. 2A:42A-2) confers immunity in this situation. This statute replaced N.J.S.A. 2A:42A-1 which conferred the immunity upon the "landowner of agricultural lands or woodlands."
Our task is to ascertain the intent of the Legislature and the scope of immunity granted by the present statute. The statute has been interpreted in three reported decisions. In the first two cases the court, in its search for the legislative intent of the statute, was troubled by the dearth of legislative history on the statute. O'Connell v. Forest Hill Field Club, 119 N.J. Super. 317 (Law Div. 1972), and Scheck v. Houdaille Const. Materials, Inc., 121 N.J. Super. 335 (Law Div. 1972). Both these decisions dealt with an infant-trespasser in a nonresidential setting (O'Connell, golf course; Scheck, property of constructions materials corporation), and in both the court concluded that the statute did not extend liability immunity to the landowners.
The third case, Villanova v. Am. Fed. of Musicians, 123 N.J. Super. 57 (App. Div. 1973), involved injuries sustained by a musician who fell over boulders and debris while approaching a bandstand on the premises of the Essex County Park Commission. The court held that a band concert was not within the scope of the activities protected by the statute.
The trend in public policy has been to expand the areas of tort liability and to eliminate islands of immunity.
We cannot presume a grant of tort immunity to the owners of thousands of swimming pools in residential areas until we determine that it was the intent of the Legislature at the time of enactment of the statute to do so. It is significant that N.J.S.A. 2A:42A-3 refers to N.J.S.A. 23:7-7. This cited statute refers to the manner in which a *267 landowner should post "no trespassing" notices if he wishes to have the sanction of the law behind him to prosecute hunters and fishermen who trespass upon his land. See N.J.S.A. 23:7-1. Such internal reference lends substance to the conclusion that the Legislature was referring to rural or semi-rural tracts of land in the statute in question.
Similarly, the "sport and recreational activities" enumerated in N.J.S.A. 2A:42A-2:
* * * hunting, fishing, trapping, horseback riding, training of dogs, hiking, camping, picnicking, swimming, skating, skiing, sledding, to-bogganing and any other outdoor sport, game and recreational activity including practice and instruction in any thereof * * *
suggests this conclusion. The activities listed are for the most part those conducted in the true outdoors, not in someone's backyard. It is true that "swimming" is included in this list, but it should be considered in the context in which it is found.
In Martell v. Lane, 22 N.J. 110, 117 (1956), the Supreme Court said the meaning of words may be indicated or controlled by those with which they are associated.
It is a fundamental rule in the construction of statutes that associated words explain and limit each other. The meaning of a doubtful word or phrase in a statute may be ascertained by a consideration of the company in which it is found and the meaning of the words which are associated with it. McCaffrey, Statutory Construction, § 14 at 40-41 (1953). See Sutherland, Statutory Construction (4th ed. Sands, 1973), § 47.16 at 101.
Considering the progeny of the present statute together with the above two factors, we hold that the legislative change of the term "agricultural lands or woodlands" to "premises" was not intended to enlarge the protected class of landowners to homeowners in suburbia. The change was intended to better define, and perhaps somewhat broaden, the protected class originally specified.
*268 The statute being in derogation of the common law and public policy should be strictly construed. A statute can change the common law but the intent of the Legislature to do so must be clearly and plainly expressed. Board of Education, Union Beach v. N.J.E.A., 53 N.J. 29, 46 (1968); DeFazio v. Haven S. & L. Ass'n, 22 N.J. 511, 519 (1956); Foy v. Dayko, 82 N.J. Super. 8 (1964).
We hold that the statute does not confer immunity upon defendant from plaintiff's claim.
Judgment is reversed.