145 Cal.App.3d 253 (1983)
193 Cal. Rptr. 336
PACIFIC GAS AND ELECTRIC COMPANY, Petitioner,
v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; MARK SUNDBERG, Real Party in Interest.
Docket No. 21070.
Court of Appeals of California, Third District.
July 21, 1983.
*255 COUNSEL
Charles T. Van Deusen, James C. Logsdon, David Anderson and Steven P. Burke for Petitioner.
No appearance for Respondent.
Stephen J. Walwyn and Edward Niland for Real Party in Interest.
OPINION
PUGLIA, P.J.
Petitioner, Pacific Gas and Electric Company (P.G.& E.), is the defendant in a personal injury action brought by real party in interest, Mark Sundberg (plaintiff). P.G.& E. seeks a writ of mandate ordering respondent superior court to set aside a ruling denying P.G.& E.'s motion for summary judgment. (1a) We issued an alternative writ to consider whether Civil Code section 846 immunizes P.G.& E. from liability for injuries plaintiff sustained while engaged in recreational boating on navigable waters which flow over P.G.& E.'s land. As we conclude that petitioner is not entitled to the protection of section 846, we shall deny the writ.[1]
On May 29, 1978, plaintiff and his family were camping at a United States Forest Service campground bordering Lake Shasta. Plaintiff launched his sailboat, a catamaran with an aluminum mast, from a nearby launching ramp supervised by forest service employees. Plaintiff's purpose was recreational. Once in the water, the boat drifted, the mast came into contact with *256 P.G.& E. power lines overhanging the water, and plaintiff sustained the injuries which are the subject of the underlying action.
The P.G.& E. power lines pass over Bailey Cove, an arm of Lake Shasta, and are suspended from steel towers located on land on either side of the cove. A wooden pole sunk in the ground underneath the water supports the lines midway between the two towers. The pole is visible from the launch ramp and has affixed to it two signs reading "Danger" and at least one sign warning of "High Voltage."
P.G.& E. owns the land over which its power lines run and on which its towers and pole are situated. Its ownership is subject to a perpetual right of the federal government to overflow the property with water impounded by Shasta dam. P.G.& E. concedes that the waters of Lake Shasta flowing over its property are navigable.
P.G.& E.'s motion for summary judgment was based on Civil Code section 846, a statutory exception to the general rule that landowners are responsible for injuries occasioned to another by want of ordinary care in the management of their property. (See Civ. Code, § 1714.) At the time of plaintiff's injury, section 846 provided that an "owner of an estate in real property owes no duty of care to keep the premises safe for entry or use by others" for designated "recreational purpose[s]" including "water sports." (Stats. 1976, ch. 1303, § 1.)[2] P.G.& E. argues that its ownership of the underlying land entitles it to the protection of section 846 as a matter of law and the fact that plaintiff "was in a boat on water is no different than if he were on a horse or a motorcycle or a hang glider or anything else that would isolate [him] from direct physical contact with PGandE's real property."
(2) Civil Code section 846 is intended to encourage landowners to allow the general public free access to their property for purposes of recreation. (Parish v. Lloyd (1978) 82 Cal. App.3d 785, 787 [147 Cal. Rptr. 431]; see also Delta Farms Reclamation Dist. v. Superior Court (1983) 33 Cal.3d 699, 707-708 [190 Cal. Rptr. 494, 660 P.2d 1168]; Nelsen v. City of Gridley (1980) 113 Cal. App.3d 87, 91 [169 Cal. Rptr. 757]; Paige v. North Oaks Partners (1982) 134 Cal. App.3d 860, 863 [184 Cal. Rptr. 867].) In other words, the statutory goal is to constrain the growing tendency of private landowners to bar their land to the public for recreational uses because of the threat of gratuitous tort liability. (Parish, supra, 82 Cal. App.3d at pp. 787-788; see also English v. Marin Mun. Water Dist. (1977) 66 Cal. *257 App.3d 725, 731 [136 Cal. Rptr. 224], disapproved on other grounds in Delta Farms, supra, 33 Cal.3d at p. 707; Smith v. Scrap Disposal Corp. (1979) 96 Cal. App.3d 525, 529 [158 Cal. Rptr. 134; Paige, supra, 134 Cal. App.3d at p. 863.)
Although plaintiff at the time he was injured was involved in a recreational "water sport" as contemplated by Civil Code section 846, the injury took place not on the P.G.& E. land underneath the lake or the poles and wires affixed thereto (see Balestra v. Button (1942) 54 Cal. App.2d 192, 197-198 [128 P.2d 816]; Civ. Code, § 658) but on the navigable waters of Lake Shasta (see Harb. & Nav. Code, § 100 et seq.; National Audubon Society v. Superior Court (1983) 33 Cal.3d 419, 435 [189 Cal. Rptr. 346, 658 P.2d 709]). It bears emphasis that plaintiff did not in any way disturb P.G.& E.'s land, towers or poles or make use of them or of P.G.& E.'s overhanging wires in pursuit of his "recreational purpose." Stated otherwise, there was no "entry" or "use" of P.G.& E.'s "premises" by plaintiff for any "recreational purpose" within the meaning of Civil Code section 846.
We do not rest our decision solely on interpretation of the statute. Historical uncertainty over the precise scope of the immunity statute and the extensive use in California of navigable waters as a recreational resource prompt us to consider plaintiff's alternate grounds for defeating P.G.& E.'s immunity claim.
(3) All navigable waterways are held in trust by the state for the benefit of the public (National Audubon Society v. Superior Court, supra, 33 Cal.3d at p. 434), and the public may use such waters for recreational purposes.[3] (City of Los Angeles v. Venice Peninsula Properties (1982) 31 Cal.3d 288, 291 [182 Cal. Rptr. 599, 644 P.2d 792]; Marks v. Whitney (1971) 6 Cal.3d 251, 259 [98 Cal. Rptr. 790, 491 P.2d 374].) (4) Generally, sovereign ownership of navigable waterways extends to the underlying land. (National Audubon Society, supra, 33 Cal.3d at p. 434.) Where underlying lands are in private ownership, however, they remain subject to public trust restraints and may not be alienated or used in a manner harmful to trust purposes. (City of Los Angeles, supra, 31 Cal.3d at p. 291; National Audubon Society, supra, 33 Cal.3d at pp. 437-438, citing Illinois Central Railroad Company v. Illinois (1892) 146 U.S. 387 [36 L.Ed. 1018, 13 S.Ct. 110]; see also Stevens, The Public Trust (1980) 14 U.C. Davis L.Rev. 195, 210-214.)
*258 The public right of access to navigable waters is of constitutional origin. (People ex rel. Younger v. County of El Dorado (1979) 96 Cal. App.3d 403, 406 [157 Cal. Rptr. 815].) "No individual, partnership, or corporation, claiming or possessing the frontage or tidal lands of a ... navigable water in this State, shall be permitted to exclude the right of way to such water whenever it is required for any public purpose, nor to destroy or obstruct the free navigation of such water; and the Legislature shall enact such laws as will give the most liberal construction to this provision, so that access to the navigable waters of this State shall be always attainable for the people thereof." (Cal. Const., art. X, § 4.)[4]
Case law applying the constitutional provision confirms the public right of passage, in a lawful manner, over waters usable only for small-craft recreational boating, irrespective of the ownership of the water bed. (See Stevens, The Public Trust, supra, 14 U.C. Davis L.Rev. at p. 209; National Audubon Society, supra, 33 Cal.3d, p. 435, fn. 17.) In People ex rel. Baker v. Mack, supra, 19 Cal. App.3d 1040, this court affirmed injunctive relief restraining riparian owners of Fall River from interfering with free public use of the river below high water mark. Hitchings v. Del Rio Woods Recreation & Park Dist., supra, 55 Cal. App.3d 560, upheld public use of property of a recreation and park district on the Russian River for recreational canoeing, even though the river was not navigable throughout the year. In People ex rel. Younger v. County of El Dorado, supra, 96 Cal. App.3d 403, this court invalidated as a denial of the "constitutional right of the public to use of and access to a navigable stream" an ordinance asserting the police power to prohibit all boating and rafting on a section of the American River. (At p. 407.)
The Constitution and the decisions applying it make it abundantly clear that P.G.& E.'s ownership interest in the land underlying and the power lines overhanging Bailey Cove could not encompass any interest in the waters themselves which would interfere with the public trust. (Cf. Civ. Code, § 659.) In particular, P.G.& E. does not possess any right to exclude members of the public from entering on and using the waters of Lake Shasta for recreational purposes. (Cf. O'Shea v. Claude C. Wood Co. (1979) 97 Cal. App.3d 903, 911 [159 Cal. Rptr. 125]; Smith v. Scrap Disposal Corp., supra, 96 Cal. App.3d at p. 529.) On the contrary, plaintiff as a member of the public has a constitutional right to navigate the lake in his boat.
(5) It is elementary that courts should attempt "to construe statutes in a manner which avoids constitutional difficulties." (Welfare Rights Organization *259 v. Crisan (1983) 33 Cal.3d 766, 772 [190 Cal. Rptr. 919, 661 P.2d 1073].) If reasonable interpretation of the language of a statute permits, a construction that will render it valid and constitutional will be adopted. (See 58 Cal.Jur.3d, Statutes, § 97, pp. 460-461.)
Accordingly, we eschew an interpretation of Civil Code section 846 which would discourage the public from exercising its constitutionally protected free and unimpeded use of navigable waterways. The construction we adopt avoids that result and is not inconsistent with the statutory objective of encouraging landowners to keep their property open for recreational purposes. (Consult Paige v. North Oaks Partners, supra, 134 Cal. App.3d at pp. 863-864.) However, that objective would not be served by applying the statutory immunity here, because, as we have seen, P.G.& E. has no right to exclude or obstruct the public's free use of Lake Shasta. The more logical interpretation of section 846 is that the Legislature did not intend to confer negligence immunity on contiguous or subjacent owners of real property fronting or underlying navigable waters vis-a-vis persons injured while using the public waterways. (1b) In light of the constitutionally derived public trust doctrine as well as the purpose of the statute, we conclude that the owner of an interest in real property underlying or adjacent to navigable waters is not entitled to the protection of section 846 as against persons injured while using those waters.
P.G.& E. misplaces its reliance on Lostritto v. Southern Pac. Transportation Co. (1977) 73 Cal. App.3d 737 [140 Cal. Rptr. 905], a case holding that section 846 barred the negligence action of a plaintiff who had been injured when he dove from defendant's railroad trestle, into the San Lorenzo River, the bed of which was also owned by the defendant. Lostritto did not address the public trust doctrine. Moreover, the plaintiff in Lostritto had no right to use the privately owned trestle to dive into the water.
P.G.& E. likewise can find no support in the recent amendment to section 846, expanding the class of protected property owners to include not only owners of estates in real property but also "any other interest in real property, whether possessory or nonpossessory...." (See fn. 2, ante, p. 256.) The 1980 amendment is not controlling as to plaintiff's injury which occurred in 1978. Furthermore, while the amendment manifests an intent to abrogate case law declining to extend section 846 immunity to nonpossessory interests such as easements (Stats. 1980, Summary Digest to ch. 408, p. 110; cf. Darr v. Lone Star Industries, Inc. (1979) 94 Cal. App.3d 895, 901 [157 Cal. Rptr. 90]), the legislative expansion in favor of such interests does not affect the principle with which we are concerned here: the primacy of constitutionally assured public access to and use of navigable waters over *260 the claims to immunity of owners of real property adjacent or contiguous to navigable waters upon which a user plaintiff is injured.
The petition for writ of mandate is denied, and the order to show cause is discharged. The stay previously issued is vacated.
Evans, J., and Sparks, J., concurred.
NOTES
[1] Interposing a procedural objection to the writ application, plaintiff contends the petition, verified only on information and belief, is defective. Although a verification on information and belief is hearsay and cannot by itself serve as the basis for issuance of a writ (Star Motors Imports, Inc. v. Superior Court (1979) 88 Cal. App.3d 201, 204 [151 Cal. Rptr. 721]), petitioner has otherwise supplied a sufficient record of the underlying facts and trial court proceedings to enable us to review the denial of the summary judgment motion. (See id., at p. 203; Lemelle v. Superior Court (1978) 77 Cal. App.3d 148, 156 [143 Cal. Rptr. 450]; Perlman v. Municipal Court (1979) 99 Cal. App.3d 568, 574 [160 Cal. Rptr. 567]; cf. Pedlow v. Superior Court (1980) 112 Cal. App.3d 368, 370-371 [169 Cal. Rptr. 326]; see also generally 5 Witkin, Cal. Procedure (2d ed. 1983 supp.) Extraordinary Writs, § 140, p. 341.)
[2] As amended in 1980, the statute now extends the ordinary negligence immunity vis-a-vis recreational users to an "owner of an estate or any other interest in real property, whether possessory or nonpossessory." (Stats. 1980, ch. 408, § 1.)
[3] To the extent that the federal government retains paramount control over navigable waters under the commerce clause of the United States Constitution, those interests prevail. When not in conflict with federal dominion, however, exclusive jurisdiction over the waters resides in the state, which may establish a more liberal right of passage. (Hitchings v. Del Rio Woods Recreation & Park Dist. (1976) 55 Cal. App.3d 560, 567 [127 Cal. Rptr. 830]; People ex rel. Baker v. Mack (1971) 19 Cal. App.3d 1040, 1051 [97 Cal. Rptr. 448]; see also Marks v. Whitney, supra, 6 Cal.3d at p. 260.)
[4] Civil Code section 3479 provides that "Anything which ... unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake ... is a nuisance." If a person suffers special injuries resulting therefrom, a private right of action, inclusive of damages, is available. (Civ. Code, §§ 3481, 3484, 3493, 3501.)