FLOREK ET AL., APPELLANTS, *v.*
NORWOOD ET AL., APPELLEES.

(No. 49218—Decided June 24, 1985.)

APPEAL: Court of Appeals for
Cuyahoga County.

*Nancy L. Gervinski,* for appellants.
*George Lutjen* and *Thomas Wright,*
for appellees.

CORRIGAN, C.J. On July 9, 1980, appellant John Florek was swimming in a pool owned by and located on the property of appellees Donald and Dorothy Norwood. Appellant was in the above-ground pool between five and fifteen minutes before diving in head first through an inner tube. As a result of the dive, appellant sustained a fracture of a vertebra.

On July 8, 1982 appellants filed this action against the appellees alleging that John Florek's injury was caused by appellees' negligence. On September 29, 1983, appellees filed a motion for summary judgment, and on August 13, 1984, the motion was granted. Appellants now assign the following errors for our review:

"I. Section 1533.181 is a codification of the doctrine of assumption of the risk by recreational users, as a result, the enaction [*sic*] of Section 2315.19 of the Ohio Revised Code mitigates the absolute immunity granted defendants-appellees and the trial court erred in granting defendants' motion for summary judgment.

"II. The trial court erred in granting appellees' motion for summary judgment for the reason the plaintiffs-appellants presented sufficient evidence that there were genuine issues of fact and law that remained to be litigated."

I

Appellants initially argue that R.C. 1533.181, which exempts an owner of property from liability to anyone who uses the property for recreational purposes, has been modified by the enactment of Ohio's comparative negligence statute, R.C. 2315.19. Appellants maintain that property owners in cases such as the instant one are no longer absolutely immune from liability to recreational users.

R.C. 1533.181 provides:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

In *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, at paragraph one of the syllabus, the Ohio Supreme Court held that the defense of assumption of risk is merged with the defense of contributory

48

negligence under R.C. 2315.19. The court went on to state, though, that:

"Additionally, our merger of the two doctrines is not intended to merge that type of assumption of risk defined as 'primary assumption of risk,' which concerns cases where there is a lack of duty owed by the defendant to the plaintiff. * * *" (Footnote omitted.) *Id.* at 114.

Clearly, R.C. 1533.181 establishes that a private property owner owes no duty to a recreational user of the property. *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 197. Thus, R.C. 1533.181 has not been merged into R.C. 2315.19, and the appellees herein were properly exempted from liability under the statute. The first assignment of error is not well-taken.

## II

Appellants next assert that the trial court erred in granting appellees' motion for summary judgment when there were genuine issues of fact and law. Appellants allege that appellees' failure to post depth markings on the pool rendered them in violation of a city of Maple Heights Municipal Ordinance.

Appellees do not deny that there were no depth markings on the pool. However, the Maple Heights Ordinance requiring depth markings on swimming pools *specifically excludes* portable pools, which is the type of pool owned by appellees. See Sections 1333.01(d), 1333.20(a) and 1333.20(b), Codified Ordinances of the city of Maple Heights.

Furthermore, on deposition, appellant John Florek testified that the presence of a depth marking would not have affected his decision to dive into the pool. Under these circumstances, the court's action in granting appellees' motion for summary judgment was proper. The second assignment of error lacks merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

PRYATEL and ANN MCMANAMON, JJ., concur.