74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark FINNEMAN, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF TRANSPORTATION, U.S. Coast
Guard, Defendants-Appellees.
 No. 94-15888.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Jan. 2, 1996.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Finneman appeals from the grant of summary judgment to appellees. He claimed under the Federal Tort Claims Act for damages sustained as a result of a bicycle accident on a federally owned road. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 STANDARD OF REVIEW
 
 3
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 DISCUSSION
 
 4
 The Federal Tort Claims Act waives the sovereign immunity of the United States for tort actions but allows liability only "in the same manner and to the same extent as a private individual under like circumstances" would be liable under state law. 28 U.S.C. Sec. 2674. Appellees' liability in this case therefore turns on California law. California Civil Code Sec. 846 immunizes California property owners from negligence liability to persons who enter or use property for recreational purposes. The California Supreme Court has read Sec. 846 as establishing "two elements as a precondition to immunity: (1) the defendant must be the owner of an 'estate or any other interest in real property, whether possessory or nonpossessory;' and (2) the plaintiff's injury must result from the 'entry or use [of the "premises"] for any recreational purpose.' " Ornelas v. Randolph, 847 P.2d 560, 563 (Cal.1993) (quoting Cal.Civ.Code Sec. 846). These two elements have been met here: appellees admit ownership of the property on which the accident occurred, and appellant has not contended that his purpose in using Somerville Road was not recreational.
 
 
 5
 Appellant argues that appellees are not immune under Sec. 846 because the accident in this case falls into an extra-textual exception to that section for active construction sites, an exception allegedly created by three California cases, Domingue v. Presley of S. California, 243 Cal.Rptr. 312 (Cal.Ct.App.1988); Potts v. Halsted Fin. Corp., 191 Cal.Rptr. 160 (Cal.Ct.App.1983); Paige v. North Oaks Partners, 184 Cal.Rptr. 867 (Cal.Ct.App.1982). This argument, however, is foreclosed by Ornelas, which concluded that "the plain language of the statute admits of no exceptions, either for property 'unsuitable' for recreational use or otherwise ". 847 P.2d at 566 (second emphasis added). In light of this strong statement that Sec. 846 immunity turns only on ownership and recreational purpose, the current state of California law does not admit of the "active construction site" exception urged by appellant, so a private landowner in the position of the United States would not be liable to appellant on negligence grounds for his accident. Therefore, appellees are not liable to him under the Federal Tort Claims Act.
 
 
 6
 Appellant next argues that appellees are not entitled to immunity under Sec. 846 because that section provides that it "does not limit the liability which otherwise exists ... for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity". A plaintiff must establish three elements in order "to raise a negligent act to the level of wilful misconduct" under Sec. 846: "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." New v. Consolidated Rock Prods. Co., 217 Cal.Rptr. 522, 526 (Cal.Ct.App.1985). Appellant has failed to raise a genuine issue of material fact as to the second element.
 
 
 7
 Reading the "pleadings, depositions, answers to interrogatories, ... admissions on file, [and] affidavits", Fed.R.Civ.P. 56(c), in the light most favorable to the appellant, he might be able to prove at trial the following relevant facts:
 
 
 8
 1) Planks measuring 2' wide by 8' long by 1- 1/8"' thick covered a 21-inch-wide trench running across the entire width of the bicycle route (31 feet) on which the accident occurred.
 
 
 9
 2) The planks were one to two inches higher than the surface of the surrounding pavement.
 
 
 10
 3) The planks were not secured to the pavement and weight applied to one side of the plank caused the other side to rise.
 
 
 11
 4) The planks were not visible, because of the curve in the road, until a rider was 211.5 feet away from them, and that a rider travelling at 15 miles per hour would therefore see the planks approximately 10 seconds before reaching them.
 
 
 12
 5) Matthew Conlan, a boatswain's mate third class from the Coast Guard station who responded to the accident, stated that he "knew something like this would happen".
 
 
 13
 These facts do not, however, add up either to a showing of actual or constructive knowledge in the government. Conlan's statement would not constitute actual knowledge of the appellees of the probability of injury from the construction, and Finneman has offered no other evidence of such actual knowledge. As to constructive knowledge, California law measures that fact by an objective standard of " 'whether a reasonable man under the same or similar circumstances as those faced by the actor would be aware of the dangerous character of his conduct' ". New, 217 Cal.Rptr. at 526, quoting Chappell v. Palmer, 45 Cal.Rptr. 686, 688 (Cal.Ct.App.1965). The "best" set of facts that appellant might prove do not show under this objective standard that a reasonable person in the appellees' position would have known that injury from the plank-covered trench was not merely possible, but probable. Therefore, appellant has not raised a genuine issue of material fact on the question of actual or constructive knowledge of probability of injury. Given this inability to establish that necessary element of the "willful and malicious" conduct exception to Sec. 846 immunity, summary judgment was appropriate.[1]
 
 
 14
 Appellant argues for the first time on appeal that the signs designating Somerville Road as a bicycle route make him an express invitee within the Sec. 846 exception that preserves negligence liability of owners to express invitees. Even if appellant is correct that the issue falls into one of the narrow exceptions to the general rule against hearing issues first raised on appeal, see Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985), this Court has held that California law requires a "direct, personal request" to satisfy the "express invitee" exception to Sec. 846, Ravell v. United States, 22 F.3d 960, 963 (9th Cir.1994) (quoting Johnson v. Unocal Corp., 26 Cal.Rptr.2d 148, 153 (Cal.Ct.App.1993)), and appellant has cited no intervening California cases that would offer a basis for reevaluating Ravell 's reading of California law.
 
 
 15
 Two other new arguments on appeal are (1) that even if appellees are immune from negligence liability under Sec. 846 as owners of the property on which the accident occurred, that section offers no immunity to a party in its capacity as the contractor conducting the construction; and (2) that appellees would be liable for negligence despite Sec. 846 if the construction was conducted in violation of a safety statute, order, or regulation. Because appellant offers no explanation of how these new arguments come within any of the narrow exceptions to the rule against considering issues first raised on appeal, we decline to consider them.
 
 
 16
 Appellant argues that the district court should not have granted summary judgment without allowing discovery. Under General Order No. 34 of the Northern District of California, the parties were not permitted to conduct discovery until after a Case Management Conference was held, but that conference had not occurred before the hearing on the appellees' motion to dismiss. Appellant was aware by early January 1994 that matters outside the pleadings had been submitted in support of the motion to dismiss and that appellees sought to convert that motion into a motion for summary judgment. In response, appellant sought and received leave to file supplemental opposition papers, including declarations by the appellant, by a witness to the accident, and by a witness to later events at the accident site.
 
 
 17
 District court rulings concerning discovery are reviewed for abuse of discretion. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817 (9th Cir.1995). If appellant believed he lacked facts to oppose the motion adequately, his proper course was the one set forth in Rule 56(f): filing an affidavit explaining what "facts essential to justify [his] opposition" could not be presented and why, and seeking further discovery. "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) (citation omitted). Appellant did not file a Rule 56(f) affidavit, and when asked by the district court at oral argument to specify what information could be discovered relevant to the government's actual or constructive knowledge of the probability of injury, counsel suggested only (1) that the evidence would show that the planks were not hammered down, (2) that Conlan's statement showed knowledge that an accident would occur, and (3) that bicycles were going in both directions over the planks at the same time. These facts, if proven, would not be sufficient to show the appellees' actual or constructive knowledge that injury was probable.
 
 
 18
 Appellant has argued that he did not specify further evidence that might be discovered because he understood the appellees to be seeking summary judgment only on the basis of an alleged lack of dispute as to the existence of warning signs, an issue which goes to the third element of the willfulness inquiry. Indeed, although the appellees' memorandum in support of their 12(b)(6) motion argued generally that appellant had alleged only negligence and not willfulness in his complaint, the appellees' reply to appellant's opposition did focus almost solely on the question of warnings (and, specifically, on whether appellant's counsel had a good-faith basis for maintaining that no warnings had been posted).
 
 
 19
 Nevertheless, the papers submitted by the government outside the pleadings addressed matters other than the question of warnings; Conlan's declaration also addressed whether the planks were nailed down, how fast appellant was travelling, what appellant's companion had said about appellant's speed, whether appellant was wearing a helmet, what the measurements of various features of the accident site were, and what condition the bicycle was in after the accident. The declarations submitted by appellant responded to questions other than the existence of warnings, including Conlan's statement that he knew an accident would happen, appellant's speed and his companion's statement about it, and how the accident occurred. Thus, it does not appear that appellant was surprised that issues other than warnings were before the court on appellees' motion for dismissal or summary judgment for lack of willfulness.
 
 
 20
 Because the appellant failed to indicate, either in a Rule 56(f) affidavit or at oral argument, how further discovery would reveal information that would raise a genuine issue of material fact as to willful or malicious conduct on the part of the appellees, the district court did not abuse its discretion in not allowing the appellant to conduct discovery before granting summary judgment.
 
 
 21
 The judgment of the district court is affirmed.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's treatment of the appellees' motion to dismiss as one for summary judgment was proper. Appellant's submission of matters outside the pleadings itself constituted sufficient notice that the motion was subject to conversion to one for summary judgment. Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 826 (1985)