Opinion
 

 BROWN (Gerald), P. J.
 

 Larry E. Parish, his wife and daughter, appeal the summary judgment terminating their wrongful death action against Donald W. Lloyd, owner of the land where Lawrence Ray Parish rode and wrecked his motorcycle and died.
 

 Lloyd owns unimproved land in the county which is used by motorcyclists for riding. Its topography includes numerous hazardous ravines. Although Lloyd knew of these conditions, he did not post any warning signs. Lawrence, while riding his motorcycle, plunged 12 feet into a concealed ravine and died from the injuries; his father, Larry, was close by at the time of the accident and suffered emotional distress.
 
 *787
 
 Summary judgment was granted under Civil Code section 846
 
 [1]
 
 which exempts a property owner from liability to motorcycle riders who are trespassers or nonpaying licensees.. Lariy claims the statute denies him equal protection under the United States and California Constitutions.
 

 The standard for reviewing statutes which allegedly violate equal protection guarantees is: does the distinction drawn by the challenged statute have some rational relationship to a legitimate state purpose?
 
 (Schwalbe
 
 v.
 
 Jones,
 
 16 Cal.3d 514, 517-518 [128 Cal.Rptr. 321, 546 P.2d 1033].) Larry says the classifications set out in
 
 section
 
 .846 are arbitrary. There is no reason, he argues: to treat trespassers and nonpaying invitees differently than those paying consideration, to treat recreational users differently than nonrecreational users, to deny liability to certain enumerated recreational users and not to all. In support of his contention Larry cites
 
 Brown
 
 v.
 
 Merlo,
 
 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505], which struck down the guest statute as unconstitutional because the differing treatment of guests and paying riders, automobile guests and other guests was arbitrary and violated equal protection. However, in
 
 Brown
 
 the court found the differing treatment of different classes of persons did not further the purposes of the guest statute, that is, to protect hospitality and to prevent collusive lawsuits.
 

 Here, exempting property owners from liability to users encourages them to allow the general public to recreate free of charge on privately owned property. In light of the growing tendency of landowners to ban
 
 *788
 
 trespassers from their property because of the threat of tort liability, such an exemption bears a rational relationship to a legitimate state interest. Where a user pays to use the property the owner remains liable; but, where the user is a trespasser he must assume the risk of tort liability. This is a valid distinction directly related to the state’s purpose of encouraging private landowners to grant recreational access. Since the state’s purpose is to encourage recreational use, it is rational to protect the landowner from suits stemming from those kinds of activities but not absolve him of his legal duties to other trespassers. It is not necessaiy for the Legislature to extend the landowner’s protection to all possible recreational uses for the statute to be valid. The statute does not violate equal protection.
 

 Civil Code section 846 was not abrogated or limited by the Supreme Court decision in
 
 Rowland
 
 v.
 
 Christian,
 
 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496];
 
 English
 
 v.
 
 Marin Mun. Water Dist.,
 
 66 Cal.App.3d 725, 730 [136 Cal.Rptr. 244]; see
 
 Lostritto
 
 v.
 
 Southern Pac. Transportation Co.,
 
 73 Cal.App.3d 737, 747-749 [140 Cal.Rptr. 905].
 

 The judgment is affirmed.
 

 Staniforth, J., and Wiener, J., concurred.
 

 [1]
 

 At the time of the accident (March 1975) the statute provided: “An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for . . . all types of vehicular riding, ... or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes, except as provided in this section.
 

 “An owner of any estate in real property who gives permission to another for entry or use for the above purposes upon the premises does not thereby (a) extend any assurance that the premises are safe for such purposes, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section.
 

 “This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purposes was granted for a consideration other than the consideration, if any, paid to said landowner by the state; or (c) to any persons who are expressly invited rather than merely permitted to come the by the landowner.
 

 “Nothing in this section creates a duty of care or ground of liability for injury to person or property.”
 

 In 1978 the statute was amended to cover “any recreational purpose.”