[Civ. No. 28450. Fourth Dist., Div. One. June 6, 1984.]

CHARLES W. COLLINS, JR., Plaintiff and Appellant, v.
RUTH R. TIPPETT, Defendant and Respondent.

1018

COUNSEL

Popko, Cornblum & McLean, Solomon, Ward, Seidenwurm & Smith, Bruce Cornblum, William T. Tyson, William O. Ward III and Murray M. Bankhead for Plaintiff and Appellant.

McInnis, Fitzgerald, Rees, Sharkey & McIntyre, Timothy S. Thomas and Virginia R. Gilson for Defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Plaintiff Charles Collins appeals a judgment following a court trial, holding defendant Ruth Tippett immune from negligence liability under Civil Code section 846.[1]

Tippett owns one parcel of beachfront property in Solana Beach, California. Her home is built on a cliff overlooking the ocean and her property line extends down the cliff-face to the mean high tide line of the beach. Collins was sunbathing in the nude at the base of Tippett's cliff when a piece of gunite (a concrete-like substance sprayed on cliffs to prevent erosion) broke off the cliff and fell onto Collins, injuring him. Collins sued, alleging Tippett's negligent maintenance of the cliff caused his injuries. Tippett affirmatively defended, contending Civil Code section 846 immunized her from a negligence suit. The court found Tippett owned the beach (subject to a public easement created by implied dedication) and the cliff, Collins was recreating on Tippett's property, and therefore Tippett was immune from suit under the statute.

Civil Code section 846, which immunizes landowners from negligence liability to trespassers or licensees recreating on their property free of charge, was passed to encourage such landowners to leave their property

---

[1]At the time of the accident (Feb. 1980) the statute provided: "An owner of any estate in real property owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section.

" . . . . . . . . . . . . . . . . . . . .

"An owner of any estate in real property who gives permission to another for entry or use for the above purpose upon the premises does not thereby (a) extend any assurance that the premises are safe for such purpose, or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section."

accessible to the public (*Delta Farms Reclamation Dist.* v. *Superior Court* (1983) 33 Cal.3d 699, 708 [190 Cal.Rptr. 494, 660 P.2d 1168]; *Parish* v. *Lloyd* (1978) 82 Cal.App.3d 785, 787-788 [147 Cal.Rptr. 431]). Collins, however, contends Tippett is not covered by the statute, either because (1) Collins was not recreating on Tippett's property, but rather he was sunbathing on a public easement; or (2) Tippett opened only her beach to the public, while the dangerous condition existed on the cliff above, which she kept closed, and the statute requires the danger to exist on the publicly accessible portion of a defendant's land.

■ Collins' first contention is contrary to the language of the statute. Civil Code section 846 immunizes owners of "*any* estate" (italics added) in real property. Even after Tippett's property became subject to a public easement for recreational use, Tippett, as owner of the underlying fee, could properly invoke the statute's protection. (See *Gion* v. *City of Santa Cruz* (1970) 2 Cal.3d 29, 44-45, fn. 3 [84 Cal.Rptr. 162, 465 P.2d 50].)

■ As to the second contention, Collins states Tippett allowed public use of the beach but not the cliffs and, because the dangerous condition existed on the cliffs, Tippett should be subject to suit. Collins' interpretation of the statute is unreasonable in light of its purpose—encouraging property owners to allow free recreational use of their land (*Potts* v. *Halsted Financial Corp.* (1983) 142 Cal.App.3d 727, 731 [191 Cal.Rptr. 160]). Holding for Collins would present beachfront property owners with two ways to avoid being sued for injuries: opening their entire parcel to public use to get the benefit of section 846; or closing their entire parcel so no injuries could occur. No doubt the second choice is more attractive. Moreover, construction of the statute allowing a landowner to retain immunity even if he permits public use only of the beach area is more likely to achieve the Legislature's goal of keeping as much private land as possible open for public recreational use. The court properly construed the statute to immunize Tippett.

The judgment is affirmed.

Staniforth, J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 8, 1984.