[No. C000116. Third Dist. Apr. 16, 1987.]

GARY CHARPENTIER, Plaintiff and Appellant, v.
MARJORIE VON GELDERN, Defendant and Respondent.

102

COUNSEL

Cartwright, Sucherman & Slobodin and Michael B. Moore for Plaintiff and Appellant.

Weintraub, Genshlea, Hardy, Erich & Brown and Roger T. Stewart for Defendant and Respondent.

OPINION

EVANS, J.—Plaintiff Gary Charpentier appeals from a judgment dismissing his action as to defendant Marjorie Von Geldern[1] after the trial court granted defendant's motion for summary judgment. The primary question presented is whether a private owner of land bordering a navigable river is entitled to the protection of Civil Code section 846 when a person enters onto that land for access to the river for a recreational purpose, is injured while so using the river, and the landowner has done nothing to obstruct or impede that use. We answer in the affirmative and conclude the trial court properly granted defendant's motion for summary judgment when it was shown there were no triable issues of fact as to plaintiff's recreational purpose in entering onto defendant's land and as to the absence of willful or malicious misconduct by defendant.

The following undisputed facts have been gleaned from plaintiff's complaint and from the papers submitted on the summary judgment motion:

On August 2, 1981, defendant was the owner of approximately 51 acres of property bordering the Feather River. On that date, and unknown to defendant, plaintiff entered onto defendant's property for the purposes of swimming and diving in the Feather River. Plaintiff was an experienced diver and was aware of the potential risks of injury from diving into water

---

[1]The State of California and the County of Sutter are additionally named defendants in plaintiff's complaint. They are not parties to this appeal.

and striking bottom or submerged objects. Accordingly, plaintiff first swam about in the area for 10 minutes checking for water hazards. Plaintiff and his friend then dove into the river from the bank and swam about for a few minutes without injury. Plaintiff dove into the river a second time in the vicinity of his first dive. On this dive, plaintiff struck his chin and chest on "something soft," either the sandy bottom or something "sandbar like," causing injury.

Prior to that time, defendant had not personally viewed the property, had no knowledge of the condition of the land or the bordering river, that her property was used for diving and swimming in the river, or that anyone had previously been injured while swimming or diving in the river.

In his complaint, plaintiff alleged that defendant "wilfully and maliciously failed to guard or warn against the dangerous condition of the Feather River in that it was too shallow for swimming and diving and had submerged objects," proximately causing plaintiff's injury. Defendant answered, asserting Civil Code section 846 as an affirmative defense to plaintiff's action. Defendant subsequently moved for summary judgment on the point, and the motion was granted without comment. A judgment of dismissal was entered against plaintiff, and his appeal followed.

I

█ The purpose of the summary judgment procedure is to discover, through appropriate supporting and opposing papers, whether the parties possess evidence requiring the weighing procedures of a trial. (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].) █ The rules are well known. A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) The issues are framed by the pleadings. (*AARTS Productions, Inc.* v. *Crocker Nat. Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203].) "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue." (*Stationers Corp., supra,* 62 Cal.2d at p. 417; see *Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 851 & fn. 6 [94 Cal.Rptr. 785, 484 P.2d 953].) █ The moving party's papers are strictly construed and the opposing party's liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the opposing party. (*Stationers Corp., supra,*

62 Cal.2d at p. 417.) In granting a summary judgment motion, the trial court is entitled to rely on all uncontradicted inferences reasonably drawn from the evidence submitted in the parties' papers. (Code Civ. Proc., § 437c, subd. (c).)

■ On review of a grant of a motion for summary judgment, our task is to determine the validity of the ruling as a matter of law regardless of the reasons that may have motivated the trial court. (*Lombardo* v. *Santa Monica Young Men's Christian Assn.* (1985) 169 Cal.App.3d 529, 538, fn. 4 [215 Cal.Rptr. 224].) ■ On appeal, all intendments are in favor of the party who opposed the motion. (*Slobojan* v. *Western Travelers Life Ins. Co.* (1969) 70 Cal.2d 432, 437 [74 Cal.Rptr. 895, 450 P.2d 271].) Nevertheless, a judgment of dismissal following an order granting summary judgment will not be reversed absent an abuse of the trial court's discretion. (*Rubio* v. *Swiridoff* (1985) 165 Cal.App.3d 400, 403 [211 Cal.Rptr. 338].)

We first examine the applicable substantive law. Civil Code section 846 (hereafter § 846) establishes limited liability to a private landowner for injuries sustained by another from recreational use of the land.[2] It is an exception to the general rule that a private landowner owes a duty of reasonable care to any person coming upon the land. (*O'Shea* v. *Claude C. Wood Co.* (1979) 97 Cal.App.3d 903, 908 [159 Cal.Rptr. 125]; *English* v. *Marin Mun. Water Dist.* (1977) 66 Cal.App.3d 725, 731 [136 Cal.Rptr. 224]. Cf. Civ. Code, § 1714; *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 119 [70 Cal.Rptr. 97,

---

[2]Section 846 of the Civil Code provides: "An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purpose, except as provided in this section. [¶] A 'recreational purpose,' as used in this section, includes such activities as fishing, hunting, camping, water sports, hiking, spelunking, sport parachuting, riding, including animal riding, snowmobiling, and all other types of vehicular riding, rock collecting, sightseeing, picnicking, nature study, nature contacting, recreational gardening, gleaning, winter sports, and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites. [¶] An owner of any estate or any owner interest in real property, whether possessory or nonpossessory, who gives permission to another for entry or use for the above purpose upon the premises does not thereby (a) extend any assurance that the premises are safe for such purpose or (b) constitute the person to whom permission has been granted the legal status of an invitee or licensee to whom a duty of care is owed, or (c) assume responsibility for or incur liability for any injury to person or property caused by any act of such person to whom permission has been granted except as provided in this section. [¶] This section does not limit the liability which otherwise exists (a) for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; or (b) for injury suffered in any case where permission to enter for the above purpose was granted for a consideration other than the consideration, if any, paid to said landowner by the state, or where consideration has been received from others for the same purpose; or (c) to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner. [¶] Nothing in this section creates a duty of care or ground of liability for injury to person or property."

443 P.2d 561, 32 A.L.R.3d 496].) ▮ Under section 846, the landowner's duty toward the nonpaying, uninvited recreational user is, in essence, no greater than that owed a trespasser under the common law as it was known prior to *Rowland* v. *Christian, supra.* (See *Delta Farms Reclamation Dist.* v. *Superior Court* (1983) 33 Cal.3d 699, 706 [190 Cal.Rptr. 494, 660 P.2d 1168]; *O'Shea* v. *Claude C. Wood Co., supra,* 97 Cal.App.3d at pp. 910-911; 38 Cal. State Bar J. (1963) 647.) The recreational trespasser on private land assumes the risk of injury, therefore, absent willful or malicious misconduct by the landowner. (See § 846.) ▮ The legislative purpose of that statute, by eliminating the threat to the landowner of gratuitous tort liability, is to encourage the landowner to keep the property accessible and open to the public for recreational use without charge. (*Collins* v. *Tippett* (1984) 156 Cal.App.3d 1017, 1019-1020 [203 Cal.Rtpr. 366]; *O'Shea* v. *Claude C. Wood Co., supra,* 97 Cal.App.3d at pp. 908-909; *Parish* v. *Lloyd* (1978) 82 Cal.App.3d 785, 787-788 [147 Cal.Rptr. 431]; see also *Darr* v. *Lone Star Industries, Inc.* (1979) 94 Cal.App.3d 895, 903 [157 Cal.Rptr. 90] [dis. opn. of Evans, J.]; *Lostritto* v. *Southern Pac. Transportation Co.* (1977) 73 Cal.App.3d 737, 747-749 [140 Cal.Rptr. 905].)

In *Pacific Gas & Electric Co.* v. *Superior Court* (1983) 145 Cal.App.3d 253 [193 Cal.Rptr. 336], this court reconciled the statutory objective of section 846 with the public's constitutional right to the free and unimpeded use of navigable waterways (Cal. Const., art. X, § 4). In *Pacific Gas,* the plaintiff was injured while boating on a navigable waterway when the boat's mast came into contact with the defendant's overhanging power lines. The lines were suspended across the water from two towers, one on each bank, plus from a pole sunk in the ground under the water midway between the two towers. The defendant owned the land over which the power lines ran and on which the towers and the pole were situated. On these facts, we concluded that the defendant was not entitled to the protection of section 846. We first held there was no "entry" or "use" of the defendant's premises, emphasizing that the plaintiff in no way disturbed or made use of the defendant's land, towers, poles, or overhanging wires in pursuit of his recreational purpose. Absent such "entry" or "use," the defendant did not fall within that category of defendants contemplated by section 846. (*Id.,* at p. 257.)

We then considered the plaintiff's alternative ground for defeating the defendant's claim of section 846 immunity—the public trust doctrine. Under article X, section 4 of the California Constitution, the plaintiff had a right to sail on the navigable waterway free of the defendant's use of its property in a manner tending to obstruct or impede that use. (*Pacific Gas, supra,* 145 Cal.App.3d at p. 258.) We concluded that to interpret section 846 to protect the defendant when the public trust doctrine is implicated would

not serve the legislative purpose of that section, because such interpretation would have the contrary effect of "discourag[ing] the public from exercising its constitutionally protected free and unimpeded use of navigable waterways." (*Id.,* at p. 259.) We determined, "The more logical interpretation of section 846 is that the Legislature did not intend to confer negligence immunity on contiguous or subjacent owners of real property fronting or underlying navigable waters vis-à-vis persons injured while *using* the public waterways. In light of the constitutionally derived public trust doctrine as well as the purpose of the statute, we conclude that the owner of an interest in real property underlying or adjacent to navigable waters is not entitled to the protection of section 846 as against persons injured while using those waters." (*Ibid.*; original italics.)

Plaintiff's reliance upon our *Pacific Gas* case does not aid his argument. He asserts that by reason of that decision, defendant as an owner of land adjacent to a navigable river[3] is not entitled to the protection of section 846. His perception of our decision in that case is distorted.

We note initially that plaintiff cannot avoid the consequences of our first holding in *Pacific Gas*—i.e., that section 846 does not protect a landowner when there has been no entry upon or use of the land for a recreational purpose. However, it is undisputed here that plaintiff entered onto and used defendant's land for the purpose of diving into and swimming in the Feather River. The necessary trespass established by plaintiff's admission[4] entitles defendant to the protection of section 846, at least under our first holding in *Pacific Gas.*

As previously noted, the plaintiff in *Pacific Gas* did not trespass upon defendant's land in pursuit of his recreational purpose. However, the defendant had erected a hazardous condition on its land which extruded over the waterway and impeded the plaintiff's safe use of a navigable waterway. It was this affirmative act by the defendant in the use of its land that called into play the public trust doctrine. In reaching our conclusion that the public trust doctrine qualifies section 846, we examined the cases applying public trust restraints on landowners' uses of their properties. (See 145 Cal.App.3d at pp. 258-259.) As defendant here correctly points out, those cases on which we relied all involved affirmative acts by the offending parties tending to obstruct or impede the public's free use of navigable waters. (See *National Audubon Society* v. *Superior Court* (1983) 33 Cal.3d 419 [189 Cal.Rptr. 346, 658 P.2d 709] [diversion of water]; *People* v. *Russ* (1901) 132 Cal. 102 [64

---

[3]The Feather River is a navigable water. (Harb. & Nav. Code, § 102.)

[4]Plaintiff does not contend that he paid defendant a fee or received an express invitation from defendant to come onto her land.

P. 111] [same]; *People* v. *Gold Run D. & M. Co.* (1884) 66 Cal. 138 [4 P. 1152] [dumping sand and gravel into water, raising bed, and impairing navigability of river]; *People* ex rel. *Younger* v. *County of El Dorado* (1979) 96 Cal.App.3d 403 [157 Cal.Rptr. 815] [ordinance totally prohibiting access to and use of 20-mile section of navigable river]; *Hitchings* v. *Del Rio Woods Recreation & Park Dist.* (1976) 55 Cal.App.3d 560 [127 Cal.Rptr. 830] [rule prohibiting use of public entity's park property adjacent to navigable river for recreational access]; *People* ex rel. *Baker* v. *Mack* (1971) 19 Cal.App.3d 1040 [97 Cal.Rptr. 448] [erection and maintenance of booms, fences, wires, cables, and low bridges across navigable river, obstructing navigation and fishing].) Moreover, we were careful in *Pacific Gas* to distinguish *Lostritto* v. *Southern Pac. Transportation Co., supra,* 73 Cal.App.3d 737, which applied section 846 to facts remarkably similar to those before us in the instant case. In *Lostritto,* the plaintiff was injured when he struck shallow water after diving from the defendant's private trestle. We noted that *Lostritto* did not address the public trust doctrine. (See 145 Cal.App.3d at p. 259.) We also noted that the plaintiff in *Lostritto* had *no right to use the privately owned trestle to dive into the water.* (*Ibid.*) Therein lies one of the two basic distinctions between *Lostritto* and *Pacific Gas*—the plaintiff, in *Pacific Gas,* in no way trespassed upon the defendant's land in pursuit of his recreational purpose, and the defendant had created a hazardous condition interfering with the navigable waterway which resulted in injury to the plaintiff.

Accordingly, we concluded that a private owner of land underlying or adjacent to navigable waters should not be entitled to the protection of section 846 against persons injured while using the navigable waterway as a consequence of an affirmative act by the landowner tending to obstruct or impede the public's use of those waters and to the extent the injured persons have not trespassed upon the landowner's real property in pursuit of their recreational purposes. The rule stated in *Pacific Gas* is totally consistent with the legislative objective underlying section 846 and harmonizes that section with the public trust doctrine when factually applicable. ■ That objective recognizes the right of a private landowner to bar access to his land and to protect it against interference by third persons. (See *O'Shea* v. *Claude C. Wood Co., supra,* 97 Cal.App.3d at p. 911; *Smith* v. *Scrap Disposal Corp.* (1979) 96 Cal.App.3d 525, 529 [158 Cal.Rptr. 134].) And it is settled that a person has no right to enter onto and cross private property to reach navigable water. (*Bolsa Land Co.* v. *Burdick* (1907) 151 Cal. 254, 260 [90 P. 532]; *Heist* v. *County of Colusa* (1984) 163 Cal.App.3d 841, 851 [213 Cal.Rptr. 278].) Section 846 also recognizes the hazards inherent in certain types of recreational activities—e.g., the "perils of currents, shallows or depths" when engaging in water sports. (*Lostritto* v. *Southern Pac. Transportation Co., supra,* 73 Cal.App.3d at pp. 747-748.)

■ Equally significant is the fact that there is no legal obligation on the part of a landowner subject to the public trust doctrine to inspect or warn of natural hazards in navigable waters subject to recreational use abutting the property, or to make such water safe for recreational uses by trespassers or those on the water by means other than access over the abutting land. Such a burden, if imposed, would make an innocent landowner a virtual insurer against natural hazardous conditions in navigable waterways which could cause injury to recreational users, whether a trespasser or a user under the public trust doctrine for recreational or any other purpose.[5]

■ By removing the threat of gratuitous tort liability, the statute encourages private landowners to keep their properties open to the public for the enumerated recreational purposes, and the statute must be given a reasonable construction in light of that objective. (*Gerkin* v. *Santa Clara Valley Water Dist.* (1979) 95 Cal.App.3d 1022, 1025-1026 [157 Cal.Rptr. 612].) In so construing section 846, the nature of the property in issue—i.e., the property's suitability for recreational use—is relevant. (*Potts* v. *Halsted Financial Corp.* (1983) 142 Cal.App.3d 727, 730-731 [191 Cal.Rptr. 160]; *Paige* v. *North Oaks Partners* (1982) 134 Cal.App.3d 860, 863-864 [184 Cal.Rptr. 867].) The owner of a large parcel of undeveloped property bordering navigable, as well as tidal, waters faces a difficult task defending the property from trespassers seeking access to the water and in taking precautions to render the premises safe. If such landowners were exposed to the risk of negligence liability for injuries sustained by trespassing recreational users, the effect would undoubtedly be to encourage them to withdraw hundreds of miles of riparian and littoral land, as well as beaches, from recreational access. This result would significantly gut the legislative objective of section 846 and should be avoided. (See *Collins* v. *Tippett, supra,* 156 Cal.App.3d at p. 1020.) It would also render "fishing" and "water sports" virtually meaningless as recreational pursuits contemplated by the statute.

■ In the present case, defendant owned a large parcel of real property bordering the Feather River. Plaintiff trespassed upon the land in pursuit of a recreational purpose—swimming and diving in the river. Plaintiff has not contended that defendant committed any affirmative act in the use of her property tending to obstruct or impede his use of the river. Accordingly, we conclude defendant is an owner of land entitled to the protection of section 846 unqualified by the public trust doctrine.

---

[5]Plaintiff alludes to *Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358 [178 Cal.Rptr. 783, 636 P.2d 1121], in support of his assertion of liability. *Sprecher* is factually and legally inapposite. The court at page 372 stated, "It must also be emphasized that the liability imposed is for negligence." In this case, negligence is not asserted as a basis of liability.

## II

 Plaintiff contends there is a triable issue of fact as to his recreational purpose at the time the injury occurred. He argues that although his original purpose in entering onto defendant's land was recreational (swimming and diving), at the time the injury occurred he dove into the river only to "cool off," not to swim, and therefore he was not engaged in "water sports" at that time. Plaintiff's argument is disingenuous if not outright frivolous. We see no meaningful distinction between swimming and cooling off in the water as it relates to plaintiff's recreational purpose. When a plaintiff admits that his purpose in entering onto a defendant's land was recreational, and the evidence is wholly uncontradicted by inference or otherwise, the plaintiff was a recreational user within the meaning of section 846 and a person to whom the landowner owed no duty of care. (*Blakley* v. *State of California* (1980) 108 Cal.App.3d 971, 975-976 [167 Cal.Rptr. 1].) Plaintiff's reliance on *Gerkin* v. *Santa Clara Valley Water Dist., supra,* 95 Cal.App.3d 1022, is misplaced. *Gerkin* held only that the plaintiff raised a triable issue of fact as to recreational purpose (hiking) in entering onto the defendant's land when her affidavit, construed liberally, showed that her purpose in crossing the land was to reach a supermarket so she could use the phone and purchase a candy bar. (*Id.,* at p. 1028.) Whether an issue of fact is raised as to a plaintiff's recreational purpose must be determined through a consideration of the totality of the facts and circumstances. (*Id.,* at p. 1027.) In this case, plaintiff's deposition testimony that at the time of the injury he had entered the water to "cool off," construed as liberally as possible, does not contradict his conceded recreational purpose in entering onto defendant's land.

 Because defendant was an owner of land entitled to the unqualified protection of section 846, and because plaintiff has raised no triable issue as to his recreational purpose in trespassing upon defendant's land, plaintiff was a person to whom defendant owed no duty of care. *Rowland* v. *Christian, supra,* 69 Cal.2d 108, and its progeny, upon which plaintiff relies to establish defendant's duty to inspect her premises and make them safe for trespassers, are inapposite.[6]

---

[6]It follows that plaintiff's related assertion that he should be permitted to amend his complaint to allege a negligence cause of action must fail. Aside from the fact that there is nothing in the record before us to indicate such a request was made to the court below, a negligence cause of action is simply unavailable to plaintiff; under section 846, defendant cannot be held to that standard of care. (See *Lostritto* v. *Southern Pac. Transportation Co., supra,* 73 Cal.App.3d at pp. 746-747; see also *Hayutin* v. *Weintraub* (1962) 207 Cal.App.2d 497, 508 [24 Cal.Rptr. 761] [denial of a request to amend a complaint is proper when the proposed amendment is insufficient to state a cause of action].)

III

■■■■ Because plaintiff was a nonpaying recreational trespasser, the only duty defendant owed him under section 846 was to refrain from "willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity." Plaintiff contends he has raised a triable issue of fact on this point. We disagree.

■■■■ "Willful or wanton misconduct is intentional wrongful conduct, done either with a knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results." (*O'Shea* v. *Claude C. Wood Co., supra,* 97 Cal.App.3d at p. 912.) " 'Three essential elements must be present to raise a negligent act to the level of wilful misconduct: (1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril. [Citations.]' " (*New* v. *Consolidated Rock Products Co.* (1985) 171 Cal.App.3d 681, 689-690 [217 Cal.Rptr. 522].)

In *Lostritto* v. *Southern Pac. Transportation Co., supra,* 73 Cal.App.3d 737, the plaintiff was injured when he dove from the defendant's trestle into the river below. The court held that the defendant's willful and malicious misconduct could be found when the evidence showed the trestle was near and accessible to a popular swimming area, the practice of swimmers diving from the trestle was of longstanding common knowledge and was a practice of which the defendant was aware, the defendant was informed that swimmers had been hurt diving from its trestle, and the defendant posted no warning signs or failed to erect inexpensive barriers to prevent the practice. (*Id.,* at pp. 744-745.) ■■■■ In the present case, defendant submitted declarations and deposition testimony in support of her summary judgment motion in which she established that she had not personally viewed this property and disclaimed any knowledge that the property was used by plaintiff or anyone else for swimming and diving, that use of her property or the bordering river was dangerous, or that any person had ever been injured using her property while diving into the river. She claimed no knowledge of the depths of the river bordering her property and was unaware whether it contained submerged objects. Plaintiff did not dispute these assertions. Defendant further declared that she did not willfully or maliciously fail to guard or warn against a dangerous use of her property. ■■■■ Plaintiff challenges that conclusion as a matter of law, but did not proffer any evidence tending to show defendant's actual or constructive knowledge of a dangerous use. Under similar circumstances, we upheld the grant of a summary judgment for the defendant under section 846 in *O'Shea* v. *Claude C. Wood Co.,*

*supra,* 97 Cal.App.3d 903. In *O'Shea,* the plaintiff alleged in his complaint that the defendant had negligently created a condition dangerous to those who use its land. In support of its motion for summary judgment, the defendant declared that it was unaware the plaintiff was using its property and that it did not willfully or maliciously fail to guard or warn against a dangerous condition. We stated that willful misconduct or malice is not to be presumed and held that the defendant's declaration was sufficient basis to grant summary judgment absent some evidence from the plaintiff to show the defendant's alleged negligence rose to the level of willful or malicious misconduct. (*Id.,* at p. 913.)

More fundamentally, however, the plaintiff here, as in *O'Shea,* failed to allege a sufficient cause of action for willful or malicious misconduct in the first instance. ▆▆ It is a longstanding rule of pleading that a mere conclusory allegation that a defendant has committed willful or malicious misconduct is insufficient. "[I]t is necessary to specify the particular acts upon which the wilful misconduct of a person is charged." (*Bartlett* v. *Jackson* (1936) 13 Cal.App.2d 435, 437 [56 P.2d 1298]; see generally, 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 559, 560, pp. 598-599.) ▆▆ A defendant's summary judgment motion necessarily includes a test of the sufficiency of the complaint and is, in effect, a motion for judgment on the pleadings. (*Nazar* v. *Rodeffer* (1986) 184 Cal.App.3d 546, 553 [229 Cal.Rptr. 209].)

▆▆ In this case, plaintiff's complaint alleged that defendant "wilfully and maliciously failed to guard or warn against the dangerous condition of the Feather River in that it was too shallow for swimming and diving and had submerged objects . . . ." In *Nazar* v. *Rodeffer, supra,* 184 Cal.App.3d 546, the court construed a virtually identical pleading as insufficient alone to defeat the defendant's motion for summary judgment under section 846. A plaintiff must allege specific *facts* establishing the three essential elements —knowledge of the peril, knowledge of the probability of injury, and conscious failure to act to avoid the peril—necessary to raise the defendant's alleged negligence to the level of willful misconduct. ▆▆ A defendant, on its motion for summary judgment, is not required to negate some theoretically possible liability when the plaintiff fails to allege the *facts* on which that liability is premised. (*Id.,* at pp. 553-554.)

▆▆ Accordingly, plaintiff failed to raise a triable issue of fact as to defendant's willful or malicious misconduct when defendant disclaimed knowledge of any dangerous use of her property and when plaintiff failed to show, or even allege, any facts to the contrary.[7]

---

[7]In *Freitas* v. *J. G. Boswell Co.* (1987) 188 Cal.App.3d 700 [233 Cal.Rptr. 544] (time for granting or den. review extended to May 18, 1987), the court held the defendants' declarations,

We conclude the trial court properly granted defendant's motion for summary judgment and did not abuse its discretion in dismissing plaintiff's action.

The judgment is affirmed.

Puglia, P. J., and Sims, J., concurred.

---

that they lacked knowledge of any peril and that they did not commit willful or malicious misconduct, were insufficient evidence on which to grant their motions for summary judgment under section 846. Because willful or malicious misconduct is measured by an objective standard, a defendant's selfserving subjective statement does not suffice to negate such misconduct. (*Id.,* at pp. 714-716, 720.) In so holding, however, *Freitas* distinguished *O'Shea* and *Nazar* as cases in which the plaintiffs' complaints, as here, were defective for failure to plead specific facts constituting the defendants' willful or malicious misconduct. In contrast, the plaintiff's complaint in *Freitas* affirmatively pleaded the defendants' *knowledge* and *conscious disregard,* facts which the defendants had the burden of negating by a nonsubjective measure on their motions for summary judgment. (*Id.,* at p. 715, fn 2.) *Freitas* is factually inapposite.