Filed 4/24/15  Ritchie v. River Ranch CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DEBORAH RITCHIE et al., | D065511 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. ECU07448) |
| RIVER RANCH, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Imperial County, Juan Ulloa, Judge.  Affirmed.

McNicholas & McNicholas and John P. McNicholas III, for Plaintiffs and Appellants.

Law Office of A. Daniel Bacalski, Jr., A. Daniel Bacalski, Jr., and Denise M. Serino for Defendant and Respondent.

INTRODUCTION

Deborah and David Ritchie (together the Ritchies)[1] entered private property without permission for a sightseeing expedition to view naturally occurring mud volcanoes and mud pots near Calipatria, California. As Deborah walked between two mud volcanoes on apparently solid ground, her left leg suddenly sank into a hot mud pot and she sustained burn injuries. The trial court granted summary judgment for the defendant and owner of the property, River Ranch, Inc. (River Ranch), based on the recreational use immunity provided by Civil Code section 846.[2]

On appeal, the Ritchies contend triable issues of fact exist regarding the application of an exception to the recreational use immunity statute based on a landowner's alleged willful failure to warn or guard against a dangerous condition. We conclude there is no evidence River Ranch willfully failed to warn or guard against a dangerous condition. Because the recreational use immunity statute precludes liability, we affirm the judgment.

---

[1]     Because the Ritchies share the same surname, we refer to them individually by first name for clarity. No disrespect is intended.

[2]     Further statutory references are to the Civil Code unless otherwise indicated. Section 846 is referred to as the "recreational use immunity statute." (*Jackson v. Pac. Gas & Elec. Co*. (2001) 94 Cal.App.4th 1110, 1114.)

FACTUAL AND PROCEDURAL BACKGROUND

A

In May 2012 the Ritchies drove from their home in Louisiana to Yuma, Arizona to help their niece move and to visit relatives. After spending one night in Yuma, they drove to Calipatria, California to see the mud volcanoes in the desert as an interesting or fun thing to do. David's sister and brother-in-law had seen the mud volcanoes and sent David pictures, from either the internet or their personal pictures. David's brother-in-law told them there were geothermal plants in the area and described mud bubbling from the ground, which emitted hissing sounds.

When they arrived at the property, they parked their vehicle in a dirt area off a dirt road, approximately 100 yards from the mud volcanoes. The group wandered around sightseeing for about 20 minutes, looking at dozens of mud volcanoes and the bubbling mud, taking pictures, and listening to the steam. They saw mud bubble out of the ground and steam coming out of the ground. They could tell the mud pots, mud volcanoes and steam vents were hot.

Deborah walked within two to three feet of the mud volcanoes. As she walked between two mud volcano mounds on ground, which appeared to be solid, her left leg suddenly sank into a mud pot up to her hip. When David heard her cry out, he turned and saw her leg sinking into the ground. He ran and pulled her out. Deborah was badly burned on her left leg and required medical treatment.

3

B

River Ranch owns the property on which the mud volcanoes are located. The chief executive officer of River Ranch, Frederick Young, heard that people come on the land to see the volcanoes. He visited the property approximately a month before the incident. However, prior to this incident, River Ranch was unaware of any injuries or accidents occurring on this property.

River Ranch did not learn of the Ritchies' presence on the property until several months after the accident. It did not invite them onto the property and made no representations the property was safe for recreation. The Ritchies did not pay for admission to the property. The area is not fenced and the only signs River Ranch ever posted on the property were standard no trespassing signs, but it is not clear from the record when these signs were posted.

C

The Ritchies sued River Ranch for premises liability contending River Ranch "willfully or maliciously, or [with] unconscious disregard of its duty to plaintiffs, failed to guard or warn against a dangerous condition, use . . . or activity . . . ." David sought damages for loss of consortium. As an affirmative defense, River Ranch asserted the action was barred by the recreational user immunity provided by section 846.

The trial court granted River Ranch's motion for summary judgment based on the recreational use immunity statute. The court determined the Ritchies did not present admissible evidence to raise a triable issue of fact regarding an exception to the immunity statute. There was no evidence the Ritchies were invited to use the property and there

4

was no evidence River Ranch "had any prior knowledge of any possibility that the ground would give way between the 'mud volcanoes' in the manner described by [the Ritchies], hence there is no basis in the evidence presented to the court to support a claim of failure to warn or guard, much less a malicious or willful failure to do so."

## DISCUSSION

## I

A defendant is entitled to summary judgment if it shows one or more elements of the cause of action cannot be established or there is a complete defense to the plaintiff's cause of action. If the defendant meets this initial burden, the burden of production shifts to the plaintiff to show a triable, material controversy as to whatever element of the cause of action defendant claims is not established or a defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).)

"[W]e review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) We liberally construe the evidence in support of the party opposing summary judgment. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, 25 Cal.4th at p. 850.) Thus, a party "cannot avoid summary judgment by asserting facts based on mere speculation and

conjecture, but instead must produce admissible evidence raising a triable issue of fact." (*LaChapelle v. Toyota Motor Credit Corp.* (2002) 102 Cal.App.4th 977, 981.)

II

Section 846 provides a property owner does not owe a duty of care "to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions" on the property to individuals entering the property for a recreational purpose. The statute defines "recreational purpose" by listing examples of numerous recreational activities such as "hiking, . . . sightseeing, . . . nature study, nature contacting, . . . and viewing or enjoying historical, archaeological, scenic, natural, or scientific sites." (§ 846.)

The statute expresses the strong legislative policy that private land should be open for recreational use. (*Hubbard v. Brown* (1990) 50 Cal.3d 189, 192.) "Section 846 was enacted to encourage property owners to allow the general public to engage in recreational activities free of charge on privately owned property. [Citations.] The statutory goal was to constrain the growing tendency of private landowners to bar public access to their land for recreational uses out of fear of incurring tort liability." (*Id.* at p. 193.) "Section 846 accomplishes this purpose by immunizing persons with interests in property from tort liability to recreational users, thus making recreational users responsible for their own safety and eliminating the financial risk that had kept land closed." (*Id.* at p. 192; see *Collins v. Tippett* (1984) 156 Cal.App.3d 1017, 1020 [providing immunity to beachfront landowner against a lawsuit by a beach sunbather who

6

was injured by gunite falling from a cliff advances the "goal of keeping as much private land as possible open for public recreational use"].)

"The public policy balance achieved by the statute is clear: landowners are broadly encouraged to allow access to their property; recreationists who take advantage of this access waive their right to sue for ordinary negligence. The determination as to whether the land is 'suitable' for recreation is placed on the user, not the courts." (*Ornelas v. Randolph* (1993) 4 Cal.4th 1095, 1106.)

The statute provides three exceptions to the recreational user immunity: (1) for a landowner's "willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity"; (2) for injury suffered where permission to enter for a recreational purpose was granted in exchange for payment or consideration; and (3) for individuals expressly invited by the landowner to come on to the property, as opposed to those merely permitted on the property. (§ 846.)

The Ritchies contend the first exception applies because they allege River Ranch willfully failed to warn or guard by failing to fence the area or post warning signs.[3] We, therefore, review generally accepted principles regarding willful misconduct.

" 'First, it is generally recognized that willful or wanton misconduct is separate and distinct from negligence, involving different principles of liability and different defenses. [Citations.] Unlike negligence, which implies a failure to use ordinary care, and even gross negligence, which connotes such a lack of care as may be presumed to indicate a

---

[3]     It is undisputed the Ritchies did not pay for the recreational use of the property and River Ranch did not invite them to use the property.

7

passive and indifferent attitude toward results, willful misconduct is not marked by a mere absence of care.  Rather, it " ' "involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences." ' "  [Citations.]  . . .  While the word "willful" implies an intent, the intention must relate to the misconduct and not merely to the fact that some act was intentionally done.' "  (*Manuel v. Pacific Gas & Electric Co.* (2009) 173 Cal.App.4th 927, 939-940 (*Manuel*), quoting *Calvillo-Silva v. Home Grocery* (1998) 19 Cal.4th 714, 729-730 (*Calvillo*), overruled on other grounds in *Aguilar*, *supra*, 25 Cal.4th at p. 853, fn. 19.)

" 'Second, willfulness generally is marked by three characteristics:  (1) actual or constructive knowledge of the peril to be apprehended; (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) conscious failure to act to avoid the peril.  [Citations.]  As the foregoing suggests, willful misconduct does not invariably entail a subjective intent to injure.  It is sufficient that a reasonable person under the same or similar circumstances would be aware of the highly dangerous character of his or her conduct.' "  (*Manuel*, *supra*, 173 Cal.App.4th at p. 940, quoting *Calvillo*, *supra*, 19 Cal.4th at p. 730.)

The Ritchies focus on the three general characteristics of willfulness.  They contend triable issues of fact exist regarding whether River Ranch had actual or constructive notice of a dangerous condition of the property (hot mud pots, mud volcanoes and steam vents or fragile adjacent ground), whether it had constructive

knowledge injury was probable, and whether it consciously failed to act to avoid the peril.

The Ritchies' argument boils down to this: Young observed the property with the mud volcanoes and mud pots and heard people visited the area, he must have observed they were hot because the Ritchies observed they were hot, and River Ranch did not post warning signs or fence the property. Therefore, according to the Ritchies, River Ranch willfully failed to warn or guard against a dangerous condition. We are not persuaded.

Although these facts may show a passive indifference or an absence of care, we cannot conclude these facts rise to the level of willful misconduct necessary to fall within the exception to section 846's recreational use immunity. Willful misconduct cannot be presumed. (*O'Shea v. Claude C. Wood Co.* (1979) 97 Cal.App.3d 903, 913 (*O'Shea*) superseded by statute on unrelated grounds as stated in *Jackson v. Pac. Gas & Elec. Co.* (2001) 94 Cal.App.4th 1110, 1117.)

River Ranch presented evidence it had no knowledge of any injuries on the property prior to this incident and did not willfully or maliciously fail to guard or warn against any dangerous condition. (*O'Shea*, *supra*, 97 Cal.App.3d at p. 913 [declaration stating defendant did not know plaintiff was using the property and did not willfully fail to guard or warn of danger negated willful conduct]; see *Manuel*, *supra*, 173 Cal.App.4th at p. 946 [no evidence of prior incidents or accidents involving climbing of a transmission tower]; but see *Lostritto v. Southern Pac. Transportation Co.* (1977) 73 Cal.App.3d 737, 750 [willful misconduct found involving railway trestle over a popular swimming area where there was easy access from the beach to the trestle, the practice of

9

diving from the trestle was common knowledge and the railway company was informed of prior injuries involving diving from the trestle].)

The Ritchies presented no evidence River Ranch had a positive intent to harm or absolutely disregarded the consequences of its inaction. (*Manuel, supra,* 173 Cal.App.4th at p. 940.) There is no evidence River Ranch's conduct was so highly dangerous, so unreasonable in character or demonstrated such a disregard for a known risk of harm to the public it should be deemed willful misconduct. Nor is there evidence it was "highly probable" harm would follow if River Ranch did not close or fence its property or place warning signs. (*Id.* at p. 939.)

River Ranch did not create the allegedly dangerous condition. This is not like *New v. Consolidated Rock Products Co.* (1985) 171 Cal.App.3d 681, a case relied upon by the Ritchies, where a jury found a quarry owner willfully failed to warn or guard against motorcyclists riding over a cliff. In that case, the landowner created the cliff by enlarging an excavation pit and cutting away the end of a two-lane road, leaving a sheer 20-foot drop, but did not place adequate warnings or barriers despite its knowledge motorcyclists used the area regularly. (*Id.* at pp. 685-686; see also *Termini v. United States* (9th Cir. 1992) 963 F.2d 1264, 1269 [United States Forest Service built a road abruptly ending at a cliff without warning].)

Additionally, the Ritchies presented no evidence River Ranch knew or should have known the ground between the mud volcanoes was fragile or would give way. "[T]here is no legal obligation on the part of a landowner . . . to inspect or warn of natural hazards" or to make the property safe "for recreational uses by trespassers . . . . Such a

10

burden, if imposed, would make an innocent landowner a virtual insurer against natural hazardous conditions . . . which could cause injury to recreational users." (*Charpentier v. Von Geldern* (1987) 191 Cal.App.3d 101, 111 [owner not liable to trespasser injured by diving in a shallow portion of a river on owner's property].)

We conclude the trial court properly found no evidentiary support for the willful failure to warn exception to the recreational use immunity of section 846 and the statute bars the Ritchies' claims. To hold otherwise, would undermine the Legislature's goal of keeping private land open for recreational use because landowners with natural resources or natural wonders would be more inclined to close their property to public use to avoid liability. (*Collins v. Tippett*, *supra*, 156 Cal.App.3d at p. 1020.)

### DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

McCONNELL, P. J.

WE CONCUR:

McDONALD, J.

McINTYRE, J.

11